APPEAL OF CHESTER B. KNOX.

Docket No. 2441. Submitted July 7, 1925. Decided October 30, 1925.

Under the circumstances in this appeal, *held*, that no depreciation should be deducted in computing the cost to the taxpayer of the grove of walnut trees involved in the appeal.

*Harry C. Wesley, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The taxpayer appeals from the determination of a deficiency of $1,296.48, income tax for 1919, only a part of which is in controversy.

### FINDINGS OF FACT.

1. Prior to October 2, 1919, the taxpayer acquired 12.73 acres of land and a one-third interest in 63.25 acres of land located near Ventura, Calif., both planted to walnut trees. On October 2, 1919, the taxpayer sold all his interest for a net price of $58,686.70. The Commissioner determined the cost to be $39,718.71 and the profit to be $18,967.99. In computing the cost, the Commissioner allocated the original cost between the land and trees and deducted depreciation on the trees upon the basis of a productive life of 33 years. The taxpayer alleges that such trees have a useful life of 200 years or more and that any depreciation in excess of one-half of 1 per cent is erroneous and without foundation.

2. The land in question is situated in the Santa Clara River Valley, about 2½ miles from the ocean. It has a loam deposit over 20 feet deep which was washed down from the mountain. The land has good drainage and a low water table. The land is irrigated, and the water used for irrigation is free from alkali and other deleterious salts. The land and trees are protected by the surrounding hills from high winds and the temperature is not subject to sudden changes. The uncontradicted testimony is to the effect that these conditions are ideal for walnut culture.

3. The greater part of the trees of the grove in question were planted in 1883. The productive life reasonably to be expected of this grove is not known, there being no experience from which it can be determined, and the evidence presented showing a certain productive life far in excess of that allowed by the Commissioner.

### DECISION.

The deficiency, if any, should be computed in accordance with the following opinion. The amount of the deficiency will be settled on consent or on 20 days' notice, under Rule 50.

### OPINION.

PHILLIPS: There is no basis upon which to determine the productive life of a walnut grove growing under the ideal conditions disclosed by the record in this appeal. Allowing 8 years for the trees to reach a productive state, as was done by the Commissioner without question on the part of the taxpayer, the grove in question has already enjoyed a productive life of 34 years, and the testimony is

that the trees show no signs of deterioration. There are a few groves in California which are a few years older than that sold by the taxpayer and which are still productive. With the exception of these, there are no other groves of walnut trees in California which may be used as comparatives. It is clear, however, that the period of 33 years used by the Commissioner is entirely too low an estimate of the productive life of the walnut grove in question. The testimony is to the effect that, during the years which this grove has been in existence, it has been necessary to replace a few of the trees. The cost of such replacement seems to have been treated as an expense, and not considered as an addition to the cost of the grove. If replacements are to be treated as expense, it would seem that the grove may have an indefinite life. In view of the action of both parties in treating replacements as expense and the lack of any experience upon which an accurate rate of depreciation may be based, we believe that a just result will be reached under the special circumstances in this case by computing the profit or loss on the sale without deducting any depreciation from the cost of the property to the taxpayer.