OPINION.
Phillips:
There is no basis upon which to determine the productive life of a walnut grove growing under the ideal conditions disclosed by the record in this appeal. Allowing 8 years for the trees to reach a productive state, as was done by the Commissioner without question on the part of the taxpayer, the grove in question has already enjoyed a productive life of 34 years, and the testimony is *1109 that the trees show no signs of deterioration. There are a few groves in California which are a few years older than that sold by the taxpayer and which are still productive. With the exception of these, there are no other groves of walnut trees in California which may be used as comparatives. It is clear, however, that the period of 33 years used by the Commissioner is entirely too low an estimate of the productive life of the walnut grove in question. The testimony is to the effect that, during the years which this grove has been in existence, it has been necessary to replace a few of the trees. The cost of such replacement seems to have been treated as an expense, and not considered as an addition to the cost of the grove. If replacements are to be treated as expense, it would seem that the grove may have an indefinite life. In view of the action of both parties in treating replacements as expense and the lack of any experience upon which an accurate rate of depreciation may be based, we believe that a just result will be reached under the special circumstances in this case by computing the profit or loss on the sale without deducting any depreciation from the cost of the property to the taxpayer.